UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

OMAR TRIPLETT,
  a/k/a The Doctor,

                          Plaintiff,

                v.                                  9:17-CV-0656
                                                        (MAD/TWD)

CHAD ASH, et al.,

                          Defendants.

---

APPEARANCES:

OMAR TRIPLETT
01-A-2100
Plaintiff, pro se
Sullivan Correctional Facility
Box 116
Fallsburg, NY 12733

HON. LETITIA JAMES                CHRISTOPHER J. HUMMEL, ESQ.
New York State Attorney General     Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

### I.    BACKGROUND

Plaintiff Omar Triplett commenced this action by filing a pro se complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis. Dkt. No. 1 ("Compl."), Dkt. No. 4 ("IFP Application"). By Decision and Order filed August 29,

2017, plaintiff's IFP Application was granted, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), certain of the claims and defendants were dismissed, and the Court directed service and a response to the claims that survived sua sponte review. Dkt. No. 12 (the "August 2017 Order").

Following the issuance of the August 2017 Order, the named defendants were served and an answer was filed on their behalf. *See* Dkt. No. 27. On November 6, 2017, Magistrate Judge Therese Wiley Dancks issued a Mandatory Pretrial Discovery and Scheduling Order. Dkt. No. 28. Thereafter, the parties engaged in discovery and plaintiff filed various discovery motions. *See* Dkt. Nos. 29, 34, 45, 50.

On or about August 27, 2018, plaintiff filed a motion to amend his complaint, together with a proposed amended complaint. *See* Dkt. No. 51 at 1-2 ("Motion to Amend"); Dkt. No. 51 at 3-9 ("Prop. Am. Compl.").[1] Defendants opposed the Court's acceptance of the proposed amended complaint. Dkt. No. 53 ("Opposition to the Motion to Amend").

By Decision and Order filed November 30, 2018, the Court evaluated the sufficiency of plaintiff's proposed amended pleading and granted in part and denied in part plaintiff's Motion to Amend. *See* Dkt. No. 65 ("November 2018 Order"). More specifically, the Court granted the motion to the limited extent that plaintiff sought to (1) identify John Doe #2 as defendant Williams, (2) strike paragraph 39 from the original complaint and add a new paragraph regarding Ward 601, which is paragraph 40 in the proposed amended complaint, (3) change the spelling of defendant Perpenelli to "Kenny Paparrella[,]" and (4) include a request for punitive damages. *Id*. at 21-22. The Court denied the Motion to Amend to the extent plaintiff

---

[1] Plaintiff also submitted exhibits with his proposed amended complaint. *See* Dkt. No. 51-4.

2

sought to amend his complaint to (1) re-assert claims that were dismissed in the August 2017 Order, and (2) substitute two individuals in place of the defendants named in the original complaint as John Doe #1 and John Doe #3. *Id*. at 6, 20-22.

Presently before the Court is plaintiff's motion seeking reconsideration of the November 2018 Order to the extent that Order denied plaintiff's Motion to Amend, which defendants have opposed. Dkt. No. 74 ("Motion for Reconsideration"); Dkt. No. 75 ("Opposition to Motion for Reconsideration").

## II. MOTION FOR RECONSIDERATION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*[2] Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff does not suggest that there has been an intervening change in the controlling

---

[2] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

3

law, nor has he presented new evidence which was not previously available. Rather, plaintiff argues that the Court committed a clear error of law in not allowing him to amend his complaint to substitute two individuals in place of the defendants named in the original complaint as John Doe #1 and John Doe #3. *See* Motion for Reconsideration. In support of his motion, plaintiff provides additional factual statements and documentary evidence that were not included in his Motion to Amend, and raises the following arguments for why the Court committed a clear error of law: (1) the applicable limitations period should have been tolled pursuant to CPLR § 208 because plaintiff was "mentally incapacitated" for a period of time; (2) the two defendants plaintiff sought to add by way of amendment in place of two "Doe" defendants were not "new" defendants but rather "the same old ones" he was unable to name in his original complaint and therefore the claims against these two individuals relate back to the filing date of the original complaint pursuant to Rule 15(c) of the Federal Rules of Civil Procedure; (3) the claims against the two individuals named in the proposed amended complaint in place of John Doe #1 and John Doe #3 relate back to the filing date of the original complaint pursuant to CPLR § 1024; (4) CPLR § 306-b allows for amendment of a complaint and extension of the applicable limitations period in the interests of justice; and (5) the Supreme Court's Decision in *Krupski v. Costa Crociere S. p. A.*, 130 S. Ct. 2485 (2010), makes clear that the relation back doctrine applies to plaintiff's proposed claims against the two individuals named in the proposed amended complaint in place of John Doe #1 and John Doe #3. *Id*.

The Court considered and rejected the first three arguments raised by plaintiff in the November 2018 Order. The additional factual statements and documentary evidence provided by plaintiff in support of his Motion for Reconsideration do not present a basis for

4

reconsideration of the determinations made in the November 2018 Order.

With respect to plaintiff's reliance on CPLR § 306-b, that statute governs the time for service of a pleading under New York law. As discussed in the November 2018 Order, the deadline for service of a pleading in a federal action is governed by Rule 4(m) of the Federal Rules of Civil Procedure. *See also Vasconcellos v. City of N.Y.*, No. 12-CV-8445, 2014 WL 4961441, at *10 (S.D.N.Y. Oct. 2, 2014) (explaining that § 306-b is "not a true tolling provision" but is rather "a state-law analog of Fed. R. Civ. P. 4(m)"). In any case, "[t]o obtain the benefit[ ] of §[ ] 306-b . . . [plaintiff] needed to undertake a diligent effort to identify the [John Doe] Defendants before [the expiration of the statute of limitations]." *Id*. at *11. As noted in the November 2018 Order, plaintiff waited until five days before the expiration of the limitations period to commence this action, and did not undertake a diligent effort to obtain the proper names of John Doe #1 and John Doe #3 before commencing suit. *See* November 2018 Order at 11, 17-18. Plaintiff's Motion for Reconsideration does not address the Court's lack of diligence finding.[3]

With respect to plaintiff's reliance on the Supreme Court's Decision in *Krupski*, more than two years after that case was decided, the Second Circuit decided *Hogan v. Fischer*, 738 F.3d 509 (2d Cir. 2013), which was cited at length in the November 2018 Order. In *Hogan*, the Second Circuit applied the rule articulated in *Barrow v. Wethersfield Police Department*, 66 F.3d 466 (2d Cir. 1995) that an amendment to replace a John Doe defendant is made "not to correct a mistake but to correct a lack of knowledge" and is therefore not a

---

[3] A review of the docket in an action previously commenced by plaintiff in this District also confirms that plaintiff was well aware of his obligation to properly name "Doe" defendants. *See Triplett v. Rendle*, 9:09-CV-01396, Dkt. No. 31 (N.D.N.Y. filed Dec. 10, 2010).

mistake under Rule 15(c)(1)(C). *See Hogan*, 738 F.3d at 518 (citing *Barrow*, 66 F.3d at 470). Since *Hogan* was decided, and as recently as last month, the Second Circuit has continued to hold that "*Krupski* neither abrogated nor reconfigured *Barrow*'s holding that an amendment to replace a John Doe defendant is made 'not to correct a mistake but to correct a lack of knowledge' and is therefore not a mistake under Rule 15(c)(1)(C)." *Ceara v. Deacon*, __ F.3d __, 2019 WL 758287, at *3 (2d Cir. 2019) (citing *Barrow*, 66 F.3d at 470).[4]

Based on the foregoing, and after thoroughly reviewing plaintiff's motion and affording it due consideration in light of his status as a pro se litigant, the Court finds that plaintiff presents no basis for reconsideration of the November 2018 Order. Based upon a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice. Thus, plaintiff's Motion for Reconsideration is denied in its entirety.

### III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 74) is **DENIED** in all respects; and it is further

---

[4] In *Ceara*, the Second Circuit held that the district court "erred by treating Ceara's complaint as a true 'John Doe' complaint for the purposes of 'mistake' under Rule 15(c)(1)(C)" where plaintiff's original complaint incorrectly referred to a corrections officer as "Deagan" instead of "Deacon," but "contained details identifying Deacon, including that he had a brother who worked at the facility, that he was the younger of the two brothers, and that he worked at Downstate on September 5, 2010 on the 7:00am-3:00pm shift in a particular area of the facility." *Ceara*, 2019 WL 758287, at *4. The Court found that under such circumstances, it was "implausible that DOCCS and Deacon did not know to whom Ceara was referring." *Id*. "Consequently, no 'new' party was added." *Id*. (concluding "that Ceara's complaint was not a true 'John Doe' complaint subject to the no-relation-back rule of *Barrow*, and the District Court erred by treating it as such"). In this case, plaintiff did not make a mistake as to the identity of either John Doe #1 or John Doe #3 when he commenced suit. Rather, he was initially unaware of the true identity of these individuals, which is precisely the situation that *Barrow* deals with.

6

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: March 19, 2019
      Albany, NY

_____
Mae A. D'Agostino
U.S. District Judge