**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**OMAR TRIPLETT,** *a/k/a The Doctor*,

                                              **Plaintiff,**

          **vs.**                                                  **9:17-CV-656**
                                                                   **(MAD/TWD)**

**CHAD ASCH, et al.,**

                                              **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**OMAR TRIPLETT**
01-A-2100
Marcy Correctional Facility
Post Office Box 3600
Marcy, New York 13403
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**              **CHRISTOPHER J. HUMMEL, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On June 19, 2017, Plaintiff *pro se* Omar Triplett ("Plaintiff"), an inmate in the custody of

the New York State Department of Corrections and Community Supervision ("DOCCS"),

commenced this action asserting claims arising out of his previous confinement at the Central

New York Psychiatric Center ("CNYPC").  *See* Dkt. No. 1.  On August 29, 2017, the Court

reviewed the sufficiency of the Complaint, directed certain Defendants to respond, dismissed

certain claims with and without prejudice, and afforded Plaintiff the opportunity to submit an

amended pleading.  *See* Dkt. No. 12.  On November 30, 2018, the Court granted in part Plaintiff's motion to amend his complaint, and the amended complaint is now the operative pleading.  *See* Dkt. Nos. 65 & 66.  The claims that survived initial review are: (1) Eighth Amendment excessive force claims against Security Hospital Treatment Assistants ("SHTA") Chad Asch, Mark Martin, and Teryle Williams; (2) Eighth Amendment excessive force and failure to protect claims against SHTA Supervisor Kenneth Paparella; and (3) Fourteenth Amendment due process claims against Dr. Harold Berkheimer, Dr. Luis Hernandez, and Executive Director Maureen Bosco (collectively "Defendants").  *See* Dkt. No. 65.

Presently before the Court is Defendants' motion for partial summary judgment of Plaintiff's amended complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure, seeking dismissal of Plaintiff's Eighth Amendment claims against Defendant Paparella and Fourteenth Amendment due process claims against Defendants Berkheimer, Hernandez, and Bosco.  *See* Dkt. No. 93.  Plaintiff filed a response in opposition to Defendants' motion on December 3, 2019.  *See* Dkt. No. 103.  In an Order and Report-Recommendation dated June 2, 2020, Magistrate Judge Thérèse Wiley Dancks recommended that the Court grant in part and deny in part Defendants' motion.  *See* Dkt. No. 110.

Currently before the Court is Magistrate Judge Dancks's Order and Report-Recommendation.

## II. BACKGROUND

For a complete recitation of the relevant factual background, the Court refers the parties to Magistrate Judge Dancks' June 2, 2020 Order and Report-Recommendation.  *See* Dkt. No. 110 at 2–6.

## III. DISCUSSION

**A.     Standard of Review**

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law.  *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted).  When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried."  *Id.* at 36–37 (quotation and other citation omitted).  Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56 (c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party.  *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted).  Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions.  *See Giannullo v. City of New York.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment."  *Jeffreys v. City of New York*, 426 F.3d 549, 553–54 (2d Cir. 2005) (quotation omitted).  "However, '[t]he mere existence of a

scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff.'" *Id.* at 554 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)) (emphasis and alteration in original).  "To defeat summary judgment, therefore, nonmoving parties 'must do more than simply show that there is some metaphysical doubt as to the material facts,' . . . and they 'may not rely on conclusory allegations or unsubstantiated speculation.'" *Id.* (internal quotations omitted).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).  The Second Circuit has directed that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  "This liberal standard, however, does not excuse a *pro se* litigant from following the procedural formalities of summary judgment."  *Id.* (citing *Showers v. Eastmond*, No. 00 CIV. 3725, 2001 WL 527484, *2 (S.D.N.Y. May 16, 2001)).  Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When a party files specific objections to a magistrate judge's report-recommendation and order, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  However, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error."  *O'Diah v.*

4

*Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

**B.     Eighth Amendment Excessive Force and Failure to Protect Claims**

Plaintiff alleges that Defendant Kenneth Paparella, a Security Hospital Treatment Assistant Supervisor, failed to supervise his staff despite knowing there was a pattern of "extreme abuse and assaults" on Ward 601, and "knowingly and sadistically" placed Plaintiff in harm's way by returning him to Ward 601 after an incident on June 19, 2014, which allowed a subsequent assault to occur on June 20, 2014.  *See* Dkt. No. 66 at ¶¶ 34–36.  Defendants contend they are entitled to summary judgment because Plaintiff cannot establish Defendant Paparella's personal involvement or deliberate indifference.  *See* Dkt. No. 93-4 at 3–4.

Having carefully reviewed Magistrate Judge Dancks' Order and Report-Recommendation, the parties' submissions, and the applicable law, the Court finds that Magistrate Judge Dancks correctly determined that the Court should grant Defendants' motion for partial summary judgment as to Defendant Paparella.  First, Magistrate Judge Dancks correctly determined that the summary judgment record contains no evidence that this Defendant directly participated in, failed to intervene in, or failed to protect Plaintiff during the alleged incidents of June 19 and June 20, 2014.  *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).  Indeed, the record is devoid of any evidence that this Defendant was even present at CNYPC on June 19 or June 20, 2014 at the time of either alleged incident.  *See* Dkt. No. 93-2 at ¶¶ 7; Dkt. No. 94 at 97.

Furthermore, the Court finds that Magistrate Judge Dancks correctly determined that there is no evidence that Defendant Paparella knew of, or failed to remedy, any alleged wrongdoing.

5

*See Colon*, 58 F.3d at 873.  Plaintiff relies exclusively on conclusory statements that Defendant Paparella had knowledge of his situation and has not provided any admissible evidence to support these contentions.  *See Cole v. Artuz*, No. 93 Civ. 5981, 1999 WL 983876, *3 (S.D.N.Y. Oct. 28, 1999).  Moreover, the Court agrees with Magistrate Judge Dancks' determination that there is no evidence that this Defendant created a policy or custom under which unconstitutional practices occurred, allowed the continuance of any such policy or custom, was grossly negligent in supervising subordinates, or exhibited deliberate indifference by failing to act on information.  *See Colon*, 58 F.3d at 873.

As such, the Court agrees with Magistrate Judge Dancks that Defendant Paparella is entitled to summary judgment.

**C.    Fourteenth Amendment Due Process Claims**

Plaintiff alleges Defendants Dr. Harold Berkheimer, Dr. Luis Hernandez, and Executive Director Maureen Bosco violated his Fourth Amendment due process rights by forcibly administering psychotropic medication against his will on June 19 and June 20, 2014.  *See* Dkt. No. 66 at ¶¶ 30–31.  Plaintiff also claims that Defendants Berkheimer and Hernandez, with the authorization of Defendant Bosco, sought and received a court order authorizing his medication for one year over his objection.  *See id.* at ¶ 32.  Defendants contend they are entitled to summary judgment for lack of personal involvement, on the merits, and under the doctrine of qualified immunity.  *See* Dkt. No. 93-4 at 12–19.

*1. Claims Relating to Treatment on June 19, 2014 and June 20, 2014*

Plaintiff contends Defendants Berkheimer, Hernandez, and Bosco violated his due process rights by forcibly administering psychotropic medication over his objections on June 19 and 20, 2014.  *See* Dkt. No. 66 at ¶¶ 30–31.  Having carefully reviewed Magistrate Judge Dancks' Order

and Report-Recommendation, the parties' submissions, and the applicable law, the Court finds that Magistrate Judge Dancks correctly determined that the Court should grant Defendants' motion for summary judgment as to Defendants Hernandez and Bosco with regards to these claims. *See* Dkt. No. 110 at 18–19.  The Court agrees with Magistrate Judge Dancks that no reasonable jury could find personal involvement on the part of Defendant Hernandez on either June 19, 2014 or June 20, 2014 because of the evidence in the summary judgment record, including Defendant Berkheimer's statements that he prescribed Plaintiff's medication on June 19, 2014, and notations in the record that Dr. Siddiqi made the decision to treat Plaintiff on June 20, 2014.  *See id.* Furthermore, the Court agrees with Magistrate Judge Dancks that there is no evidence in the record that indicates that Defendant Bosco was consulted before the administration of medication, and Plaintiff does not allege that this Defendant was otherwise involved in his treatment on these dates. *See id.*

The Court similarly agrees with Magistrate Judge Dancks' consideration of the claims against Defendant Berkheimer relating to the treatment of Plaintiff on June 19 and June 20, 2014. First, Magistrate Judge Dancks correctly determined that the record evidence does not support a claim against Defendant Berkheimer with regards to the administration of medication on June 20, 2014.  *See* Dkt. No. 110 at 19–20.  Second, the Court agrees with Magistrate Judge Dancks that the record evidence does, however, support a claim against Defendant Berkheimer with regards to the administration of medication on June 19, 2014.  *See id.* at 20–21.  Namely, the record evidence shows that this Defendant authorized the administration of medication over Plaintiff's objection, as described in detail in Defendant Berkheimer's declaration.  *See id.*; *see also* Dkt. No. 94-1 at ¶¶ 5–16.

7

As such, the Court grants summary judgment as to Plaintiff's Fourteenth Amendment due process claims regarding his treatment on June 19 and 20, 2014 for Defendants Hernandez and Bosco, and Defendant Berkheimer regarding Plaintiff's treatment on June 20, 2014. The Court denies summary judgment as to Plaintiff's Fourteenth Amendment claim against Defendant Berkheimer regarding Plaintiff's treatment on June 19, 2014.

### 2. Claims Relating to Obtaining Court Authorization to Medicate

Plaintiff alleges that Defendants Berkheimer, Hernandez, and Bosco violated his Fourteenth Amendment due process rights by seeking and receiving a court order authorizing him to be medicated over his objections for one year. *See* Dkt. No. 66 at ¶ 32. Defendants contend that summary judgment is proper because Plaintiff received all of the process to which he was entitled. *See* Dkt. No. 93-4 at 15–17. The Court finds that Magistrate Judge Dancks correctly determined that Defendants are entitled to summary judgment as to these claims. Courts in the Second Circuit have held that compliance with N.Y. Comp. Codes R. & Regs. tit. 14, § 527.8 ("Section 527.8") affords a patient even more process than required by the Constitution. *See, e.g.*, *Spencer v. Bellevue Hosp.*, No. 11 Civ. 7149, 2012 WL 1267886, *8–9 (S.D.N.Y. Apr. 12, 2012). The process followed by these Defendants substantially complied with the relevant CNYPC policy, which tracks Section 527.8. *See* Dkt. No. 110 at 23. The Court agrees with Magistrate Judge Dancks that Plaintiff has provided no evidence rebutting "the presumption of correctness to which Defendants' decisions are entitled or suggesting their conduct substantially departed from accepted professional standards," nor has he "produced any evidence supporting his conclusory allegations that Defendants acted fraudulently in seeking and obtaining the court order." *Id.* at 23–24. The Court further agrees that the remaining contentions in Plaintiff's opposition papers are without legal merit. *See id.* at 24; *see also* Dkt. No. 103.

As such, the Court finds summary judgment is appropriate for Defendants Berkheimer, Hernandez, and Bosco relating to Plaintiff's Fourteenth Amendment due process claims arising from the court order authorizing his medication over his objection for one year.

### 3. *Qualified Immunity*

To the extent that Defendants move for summary judgment for all Fourteenth Amendment claims based on the doctrine of qualified immunity, the Court will only consider these arguments for claims that survived the above analysis.  *See Posr v. City of New York*, No. 10 CIV 2551, 2013 WL 2419142, *10 n.8 (S.D.N.Y. June 4, 2013) ("Because [the defendant] did not violate [the] [p]laintiff's [constitutional] rights, there is no need to consider if [the defendant] is entitled to qualified immunity"), *aff'd sub nom. Posr v. Ueberbacher*, 569 Fed. Appx. 32 (2d Cir. 2014).

Magistrate Judge Dancks correctly determined that Defendant Berkheimer is not shielded by qualified immunity as to the events on June 19, 2014, because of "the clear factual disputes regarding the incident . . . including who initiated the altercation, whether and to what extent Plaintiff was violent or struggling, whether Plaintiff ignored all staff direction, and whether Plaintiff lost consciousness . . . ."  Dkt. No. 110 at 21–22.  As stated by Magistrate Judge Dancks, "[i]f a jury were to credit Plaintiff's version of events, it could not be said as a matter of law that Berkheimer's belief that Plaintiff was dangerous and his decision to forcibly medicate him were not a substantial departure from accepted professional standards and practices."  *Id.* at 21.  The Court agrees that this factual dispute renders qualified immunity to be inappropriate at this time. *See, e.g.*, *Haden v. Hellinger*, No. 9:14-CV-0318, 2016 WL 8673144, *10 (N.D.N.Y. Sept. 30, 2016) (denying qualified immunity where there was a factual dispute regarding the plaintiff's dangerousness where the plaintiff testified he did not instigate physical altercations or resist once force was used on him), *adopted by* 2016 WL 6248432 (N.D.N.Y. Oct. 26, 2016).

As such, Defendants' motion for summary judgment on Plaintiff's Fourteenth Amendment due process claim as to Defendant Berkheimer relating to his treatment on June 19, 2014 is denied.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Thérèse Wiley Dancks' June 2, 2020 Order and Report-Recommendation (Dkt. No. 110) is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 93) is **GRANTED in part and DENIED in part**;[1] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance in the Local Rules.

**IT IS SO ORDERED.**

Dated: June 22, 2020
Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[1] Thus, the only claims that survive at this time are Plaintiff's Eighth Amendment excessive force claims against Defendants Asch, Martin, and Williams, as well as Plaintiff's Fourteenth Amendment due process claim against Defendant Berkheimer arising from the June 19, 2014 incident.