UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

OMAR TRIPLETT, *a/k/a/ The Doctor*,

                              **Plaintiff,**

    vs.                                                  9:17-CV-656
                                                                  (MAD/TWD)

CHAD ASCH, et al.,

                              **Defendants.**
_____

**APPEARANCES:**                                       **OF COUNSEL:**

**WHITEMAN, OSTERMAN LAW**       **HILDA MARINELLO CURTIN, ESQ.**
**FIRM – ALBANY OFFICE**               **ROBERT T. SCHOFIELD, ESQ.**
One Commerce Plaza, Suite 1900
Albany, New York 12210
Attorneys for Plaintiff

**NEW YORK STATE ATTORNEY**      **CHRISTOPHER J. HUMMEL, ESQ.**
**GENERAL – ALBANY**                      **HELENA O. PEDERSON, ESQ.**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On June 19, 2017, Plaintiff *pro se* Omar Triplett ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action asserting claims arising out of his previous confinement at the Central New York Psychiatric Center ("CNYPC"). *See* Dkt. No. 1. On November 30, 2018, Plaintiff filed an amended complaint, which is now the operative pleading. *See* Dkt. Nos. 65 & 66. Following Defendants' motion for summary judgment, the only claims remaining are Plaintiff's Eighth Amendment Excessive Force claims against Defendants Asch, Martin, and Williams, and his Fourteenth Amendment Due Process claim against Defendant Berkheimer arising from the

June 19, 2014 incident. *See* Dkt. No. 111 at 10. On January 7, 2021, Plaintiff was appointed *pro bono* counsel. *See* Dkt. No. 112. Presently before the Court is Plaintiff's motion to reopen discovery. *See* Dkt. No. 118. The Court presumes the parties' familiarity with the facts and refers the parties to Magistrate Judge Dancks' June 2, 2020 Order and Report-Recommendation for a more detailed recitation of the facts. *See* Dkt. No. 110 at 2–6. For the following reasons, Plaintiff's motion is denied.

Plaintiff seeks leave to conduct expert discovery to retain an expert on the use of force in correctional settings and a medical expert in the field of psychiatry. *See* Dkt. No. 118-1 at 5. Plaintiff also requests that Defendants Asch, Martin, Williams, and Berkheimer be ordered to appear for depositions. *See id.* at 7. Defendants oppose Plaintiff's request, arguing that Plaintiff has failed to establish good cause to reopen discovery and that granting Plaintiff's requests would prejudice Defendants. *See* Dkt. No. 119 at 3.

"The decision to re-open discovery is within a district court's discretion." *Krawec v. Kiewit Constr. Inc.*, No. 11 Civ. 123, 2013 WL 1104414, *8 (S.D.N.Y. Mar. 1, 2013). "As a general rule, discovery should only be re-opened for good cause; depending on the diligence of the moving party." *Id.* (citing *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)). "Courts also consider the following factors: 1) the imminence of trial; 2) whether the request is opposed; 3) whether the moving party foresaw the need for additional discovery, in light of the discovery deadline set by the court; 4) prejudice to the non-moving party; and 5) whether further discovery is likely to lead to relevant evidence." *Id.* (citing *Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011)); *Shapard v. Attea*, No. 08-CV-6146, 2015 WL 866892, *2 (W.D.N.Y. Mar. 2, 2015) (quoting *Krawec*, 2013 WL 1104414, at *8).

In this matter, trial is set to begin on June 1, 2021. *See* Dkt. No. 117. Plaintiff's request to reopen discovery is opposed. *See* Dkt. No. 119. While the Court recognizes that *pro bono*

2

counsel was appointed on January 7, 2021, the Court notes that Plaintiff regularly engaged in communication with the Court and motion practice during the pendency of this litigation. Discovery commenced in November 2017 and continued through September 2018. Even after discovery ended, Plaintiff continued to file motions to compel and requests with the Court. *See* Dkt. Nos. 50, 51, 55, 64, 67, 71, 81, 104, 108. However, despite Plaintiff's regular communication throughout the discovery process, Plaintiff made no efforts to obtain expert evidence or depose Defendants.

Now, less than two months before trial, Plaintiff seeks to depose Defendants Asch, Martin, William, and Berkheimer. *See* Dkt. No. 118-1 at 7. The Court finds that Plaintiff had a full and fair opportunity to depose Defendants and that requiring Defendants to appear for a deposition so close to the scheduled trial date would unduly prejudice Defendants. Ordering Defendants to prepare for and appear for depositions when trial is less than two months away would significantly impair Defendants' ability to prepare for trial. Plaintiff cites to *Young v. Southwest Airlines Co.*, No. 14-CV-1940, 2016 WL 3257008, *3 (E.D.N.Y May 4, 2016), in support of his argument that Defendants would not suffer prejudice. *See* Dkt. No. 118-1 at 8. However, the court in *Young* noted that any prejudice to the defendant was mitigated because the trial had been adjourned without date. *See Young*, 2016 WL 3257008, at *3. Here, with trial set to commence so soon, the prejudice Defendants would face justifies denial of Plaintiff's request. Accordingly, Plaintiff's motion to compel Defendants Asch, Martin, William, and Berkheimer to appear for depositions is denied.

Plaintiff also seeks to reopen discovery so that he can conduct expert discovery to retain an expert on the use of force in correctional settings and a medical expert in the field of psychiatry. *See* Dkt. No. 118-1 at 5. Plaintiff argues that experts are necessary to educate the jury about reasonable use of force in correctional settings and the standard of care for the

involuntary administration of psychiatric medication in a correctional facility. *See id.* at 5-6. However, the Court agrees with Defendants that the issues at trial are factual disputes and credibility assessments that must be decided by a jury. Plaintiff maintains that he was attacked by Defendants after he refused to perform sexual acts on them. *See* Dkt. No. 110 at 3. Defendants maintain that Plaintiff attacked them without provocation in the midst of a psychotic episode. *See id.* at 3-4. With respect to Plaintiff's Fourteenth Amendment claim against Dr. Berkheimer, the reasonableness of Dr. Berkheimer's conduct is dependent upon which version of the facts the jury credits. These issues fall squarely within the ken of the jury. Thus, the Court finds that expert testimony would not be beneficial in this matter. Additionally, Plaintiff had ample opportunity to support his claims with expert testimony, but failed to exercise diligence in obtaining such discovery. *See Bakalar v. Vavra*, 851 F. Supp. 2d 489, 494 (S.D.N.Y. 2011). Finally, the Court finds that conducting expert discovery at this late stage in the litigation would prejudice Defendants and interfere with their ability to adequately prepare for trial.

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion to reopen discovery (Dkt. No. 118) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 8, 2021
      Albany, New York

_Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge